# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUSTIN LEROY BEAL,<br><br>Defendant. | Case No. CR10-0130<br><br>ORDER FOR PRETRIAL DETENTION |

On the 15th day of December, 2010, this matter came on for hearing on the Government's motion for detention made at the Defendant's initial appearance before a judicial officer. The Government was represented by Assistant United States Attorney Marti Sue Sleister. The Defendant appeared personally and was represented by his attorney, Jane Kelly.

## RELEVANT FACTS

On December 8, 2010, Defendant Justin Leroy Beal was charged by Indictment (docket number 2) with being a felon in possession of a firearm. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on February 14, 2011.

Cedar Rapids Police Officer Chip Joecken testified regarding the circumstances underlying the instant charge. Records reviewed by law enforcement from a pawn shop showed that Defendant pawned a firearm on August 24, 2009. Law enforcement records also showed Defendant is a felon. The owners of the pawn shop were interviewed. According to the pawn shop owners, Defendant produced identification when pawning the firearm, and also filled out paperwork to complete the transaction.

1

Officer Joecken testified that the firearm was owned by Deb Bergland. Defendant and Ms. Bergland are former roommates. When Ms. Bergland was interviewed by law enforcement, she stated that Defendant did not have permission to possess or pawn the firearm. Ms. Bergland indicated that the firearm was stored in the trunk of her car in the garage.

According to the pretrial services report, Defendant is 43 years old. He is currently single, but had a marriage that ended in divorce. He has four children from his previous marriage. Two of the children are minors and reside with their mother in Des Moines. Defendant has lived his entire life in Iowa. He has lived in Cedar Rapids for the past three years. He has his own residence where he resides alone.

Defendant is currently employed by a staffing agency, and is placed at Worley Warehousing in Cedar Rapids. Prior to his employment at Worley Warehousing, Defendant was employed as a bricklayer for several masonry businesses in Des Moines (2002-2005), Runnells (2005-2007), Cedar Rapids (2007-2009), and Strawberry Point (2009).

Defendant is in good physical health. He was diagnosed with depression and post-traumatic stress disorder in 2005. At the time of his diagnosis, Defendant was prescribed Wellbutrin. He is not currently taking any medication for his mental health problems. According to Defendant, he is able to control his mental health issues through diet and exercise. Defendant reported that he first started consuming alcohol at age ten. He stated that he drank alcohol heavily "off and on" until about eighteen months ago. Defendant also reported daily marijuana use from age ten to age nineteen. He claims to have not used marijuana since 2005. Defendant indicated that he used methamphetamine on a daily basis from 1995 to 2000, but has not used since 2000. Defendant also reported using crack cocaine occasionally between 1995 and 2000, and on a daily basis during the summer of 2009.

Defendant has an extensive criminal record. In 1991, Defendant was charged and later convicted on three separate occasions of driving with a suspended license. On May

2

14, 1991, Defendant was charged and later convicted of operating a motor vehicle while intoxicated. Two weeks later, on May 31, 1991, Defendant was again charged and later convicted of operating a motor vehicle while intoxicated.

On May 3, 1992, Defendant was charged and later convicted of driving with a suspended license. On August 11, 1992, Defendant was charged and later convicted of fifth degree theft. He was ordered to pay a $100 fine.

On September 9, 1993, Defendant was charged and later convicted of operating a motor vehicle while intoxicated, third offense. He was sentenced to five years in prison, but the prison sentence was suspended. On May 20, 1996, Defendant's probation was revoked, and he was sent to prison. He was paroled from prison on November 24, 1997. His parole was revoked on August 10, 1998, and he was placed in the Violators Program. He was paroled again on October 16, 1998. His sentence discharged on July 19, 1999.

On July 29, 1995, while on probation on the OWI charge, Defendant was charged and later convicted of possession with intent to deliver methamphetamine.[1] He was sentenced to ten years in prison, and the prison sentence was again suspended. On October 7, 1996, Defendant's probation was revoked, and he was sent to prison. He was paroled from prison on November 24, 1997. His parole was revoked on August 10, 1998, and he was placed in the Violators Program. He was paroled again on October 16, 1998. His sentence was discharged on July 19, 1999.

On December 27, 1995, while on probation on the OWI charge and while the drug charge was pending, Defendant was charged with possession of drug paraphernalia. He failed to appear for his initial appearance on three occasions. The charge was dismissed on April 17, 1996. On April 11, 1998, Defendant was charged and later convicted of driving while barred. On March 1, 2000, Defendant was charged and later convicted of failure to have a valid license while operating a motor vehicle.

---

[1] On the same date, Defendant was charged with possession of a controlled substance. On February 26, 1996, the case was converted into the possession with intent to deliver methamphetamine charge.

On March 18, 2001, Defendant was charged with possession of a controlled substance. Defendant was released on bond. On May 1, 2001, Defendant was charged again with possession of methamphetamine. Defendant was released on bond. On May 9, 2001, Defendant was charged and later convicted of possession of a precursor, anhydrous ammonia, with intent to manufacture methamphetamine. Defendant was sentenced to five years in prison. Defendant was paroled on September 27, 2002. His parole was revoked on May 5, 2003, and he was returned to prison. He was paroled again on September 16, 2003. His sentence was discharged on November 12, 2003.

On March 25, 2003, while Defendant was on parole, he was charged and later convicted of operating a motor vehicle while intoxicated. It was Defendant's fourth OWI offense.

On May 16, 2004, Defendant was charged and later convicted of second degree theft. Defendant was sentenced to five years in prison, which was suspended. On June 14, 2005, Defendant was found in violation of probation. As a result, his probation was modified to include placement at the Fort Des Moines Residential facility. On March 16, 2006, Defendant was found in contempt of court, sentenced to nine days in jail, and had his probation extended. On February 28, 2007, Defendant was found in violation of probation, and his probation was modified to include placement at the Iowa Residential Treatment Center in Mount Pleasant. On September 12, 2007, Defendant was found in contempt of court. He was sentenced to sixty days in jail, and his probation was terminated unsuccessfully. Defendant's probation violations included taking money from his ex-wife's bank account, failing to maintain contact with his probation officer, being arrested for driving with a suspended license, using marijuana, failing to report to his probation officer, failing to attend required meetings with his probation officer, and failing to answer his door when his probation officer attempted to contact him.

On January 18, 2005, Defendant was charged and later convicted of fifth degree theft. On November 8, 2005, Defendant was charged and later convicted of driving while barred, habitual offender. Defendant was sentenced to two years in prison, with all but

fifteen days of his prison sentence suspended. On February 28, 2007, Defendant was found in violation of probation, and his probation was modified to include placement at the Iowa Residential Treatment Center in Mount Pleasant. On September 12, 2007, Defendant was found in contempt of court. He was sentenced to sixty days in jail, and his probation was terminated unsuccessfully.

On January 18, 2008, Defendant was charged and later convicted of operating a motor vehicle while intoxicated. It was Defendant's fifth OWI offense. On November 8, 2008, while the OWI charge was pending, Defendant was charged and later convicted of another operating a motor vehicle while intoxicated. It was Defendant's sixth OWI offense. He was sentenced on both charges to 200 days in jail, with all but 20 days of his jail sentence suspended. On October 27, 2009, his probation was revoked, and Defendant was required to serve 110 days in jail. According to a Report of Violation dated September 29, 2009, Defendant violated his probation by failing to report his change of address to his probation officer, testing positive for alcohol, missing numerous testing calls for the VICAP system, not complying with substance abuse treatment, driving without a valid license, and violating his curfew on numerous occasions.

On July 26, 2009, Defendant was charged and later convicted of unauthorized use of a credit card and forgery. Defendant was sentenced to five years in prison, suspended, with placement in a residential facility until June 2010.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been

charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with being a felon in possession of a firearm, one of the offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and

charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with being a felon in possession of a firearm, one of the offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and

circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with being a felon in possession of a firearm. The weight of the evidence against Defendant is strong. Defendant is a convicted felon. On August 24, 2009, Defendant was in possession of a firearm. On that date, he pawned the firearm at a pawn shop. During the transaction at the pawn shop, Defendant showed identification to the pawn shop owner and filled out paperwork relating to the transaction.

Defendant has a history of drug and alcohol abuse. Defendant has a substantial criminal record, including multiple drug and theft convictions. Significantly, Defendant has repeatedly committed additional offenses while on pretrial release or probation, and has failed to appear for court on multiple occasions. Defendant has repeatedly failed on pretrial release, probation, and parole. Defendant was on probation when he allegedly committed the instant offense. The Court has no confidence that Defendant would comply with any terms or conditions of pretrial release. Despite the fact that he has six OWI convictions, Defendant continued to drink during his recent probation, despite the imposition of a VICAP device.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds

7

by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

**ORDER**

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (December 13, 2010) to the filing of this Ruling (December 16, 2010) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 16th day of December, 2010.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA